UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FOUAD CHERKAOUI** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 16-000003 |
| | * | |
| **J.A. BENOIT PINEL,** | * | SECTION: "S-1" |
| **ARTISAN FREIGHT, LLC,** | * | |
| **INLAND LEASE & RENTAL, LLC,** | * | JUDGE MARY ANN VIAL LEMMON |
| **AND PRIME PROPERTY &** | * | |
| **CASUALTY INSURANCE, INC.** | * | MAG.: SALLY SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant Prime Property & Casualty Insurance, Inc. (herein "Prime"), who answers the Complaint of plaintiff Fouad Cherkaoui (herein "Plaintiff") as follows:

1.

The allegations of Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Prime is a foreign insurer domiciled in the State of Illinois, and doing business as a surplus lines carrier in the State of Louisiana.

3.

The allegations of Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11, including subparts a – f, of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12, including subparts a – e, of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the Complaint are denied.  The Prime policy is the best evidence of its terms, conditions, provisions, and exclusions and the Prime policy is limited by its terms, conditions, provisions, and exclusions, which are pled herein as if copied *in extenso*.

14.

The allegations of Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**DEFENSES**

I.

Prime affirmatively avers that in the event it is found that the injuries and/or damages claimed herein are or were the result of (whether in whole and/or in part) pre-existing/unrelated disabilities and/or injuries and/or illnesses or any aggravation thereof, for which Prime is not responsible, then, in that event, Prime avers that it is entitled to a reduction of damages by reason of such preexisting illnesses and/or injuries and/or disabilities.

II.

Prime affirmatively avers that if any injury or damage occurred or was sustained as alleged in the Complaint, which is specifically denied, then such injury or damage was proximately caused or contributed to by other third parties unrelated to Prime.

III.

Prime affirmatively denies the damages and injuries as is alleged.  In the event such damages and injuries complained of are determined to have occurred, then Prime alternatively avers that such injuries and damages were **not** caused and/or proximately caused by any negligence, fault, breach of duty or other conduct or liability on the part of this defendant, or any for whom it may be responsible, but was caused solely through negligence and/or comparative negligence and/or assumption of the risk, including but not limited to the acts listed below and others to be shown at the time of trial:

  a) Failing to exercise reasonable care under the circumstances;
  b) Failing to take proper precautions to avoid the alleged injuries and damages;
  c) Failing to act as reasonable and prudent persons would under the same or similar circumstances;

d) Any and all other acts of negligence by omission and/or commission or fault and/or liability which may be shown at the time of trial of this matter.

As a consequence of the foregoing, any recovery herein is either totally barred or, in the further alternative, must be proportionately diminished.

IV.

Prime respectfully avers that, only in the event that negligence, fault, and/or liability on the part of Prime is established, which is expressly denied, then Prime alternatively avers that the existence of contributory and/or comparative negligence, and that such contributory and/or comparative negligence was a contributing proximate cause of the injuries and damages herein sued upon, and that recovery of damages herein is barred and/or mitigated by such contributory and/or comparative negligence, the specifics of which are more particularly described in the foregoing paragraphs and are incorporated herein by references as if restated *in toto*.

V.

Prime specifically avers the failure to mitigate damages, as a consequence of which any recovery herein, is either totally barred and/or in the alternative, must be reduced. In the further alternative, Prime avers that the claims for damages herein have not accrued, are purely speculative, uncertain, and contingent.

VI.

Prime respectfully avers that, only in the event that this Honorable Court finds that Prime is liable for any negligence, fault, or strict liability, which brought about the condition made the basis of this suit, which negligence, fault, or strict liability is specifically denied, then Prime reasserts, re-alleges, and re-avers all of the aforementioned acts of negligence, fault, or omission, and/or commission as set forth in the preceding paragraphs and specifically pleads that each of

said negligent acts and/or omissions and/or commissions is an act of contributory/comparative negligence and/or assumption of the risk which was a proximate cause of the alleged injuries, illnesses, and/or damages now complained of, and the Prime Defendants specifically plead contributory/comparative negligence and/or assumption of the risk which was a proximate cause of the alleged injuries, illnesses, and/or damages now complained of, and Prime specifically pleads contributory/comparative negligence, victim fault, and assumption of the risk in bar and/or mitigation and/or reduction of the demand and/or any recovery herein.

VII.

Prime specifically pleads that the conditions alleged herein were caused by the negligent, wanton, careless, or unreasonable conduct of third-parties for whom Prime is not and was not responsible.

VIII.

Prime respectfully avers that its liability, if any, which is specifically denied, is purely passive and/or technical, while the liability of others herein is actual and active, thus entitling Prime to full indemnification from those parties who are actively negligent or at fault.

IX.

Prime respectfully avers that any injury and/or illness and/or damages as alleged herein, all of which continues to be denied, was unavoidable or were caused and/or proximately caused by the acts and/or omissions of others, including, without limitation, the active, primary, and/or real negligence, fault, and/or breach of duty of other persons and/or parties and/or by instrumentalities with whom and/or over which Prime had and has no control and/or connection and/or for whom and/or for which Prime neither has nor can have any responsibility or liability, as a consequence of which any recovery against Prime herein is totally barred.

X.

Prime specifically avers that it is entitled to a credit/set-off and/or reduction for the fault/liability of any and all defendants who may settle prior to the trial of this matter, for such settling party's(ies') portion of fault/liability and/or pro-rata virile share.

XI.

Prime specifically pleads herein any and all defenses available to it under the Louisiana Civil Code, and/or the Federal Rules of Civil Procedure as if same were restated and copied herein *in toto*.

XII.

Prime realleges and reaffirms all of the defenses and affirmative defenses filed by any co-defendant in this litigation, as if copied herein *in extenso*. Prime further realleges and reaffirms all exceptions and affirmative defenses which have been filed by other parties as if copied herein *in extenso* and re-urge and reserve the right to argue those exceptions and affirmative defenses at the appellate level. Further, Prime respectfully pleads any and all other defenses and/or affirmative defenses available to it under applicable law and respectfully reserves the right to supplement and/or amend its answer as may hereinafter be appropriate.

**JURY DEMAND**

Prime requests a trial by jury as to all claims or defenses raised in this litigation.

**WHEREFORE**, defendant Prime Property & Casualty Insurance, Inc. respectfully prays that this Answer be deemed good and sufficient and, that after all due proceedings are had, there be judgment rendered herein in defendant Prime Property & Casualty Insurance, Inc.'s favor and against plaintiff Fouad Cherkaoui, dismissing his claims, with prejudice, at his cost, and for all

other general, special, and equitable relief that law, equity, or the nature of the case may permit and this Honorable Court is competent to grant, as well as a trial by jury.

> Respectfully submitted,
>
> */s/ J. Geoffrey Ormsby*
> **RANDALL A. SMITH #2117**
> **J. GEOFFREY ORMSBY, T.A. #24183**
> **DYLAN T. LEACH #35879**
>      Of
> **SMITH & FAWER, L.L.C.**
> 201 St. Charles Ave., Suite 3702
> New Orleans, Louisiana 70170
> Telephone: (504) 525-2200
> Facsimile: (504) 525-2205
> rasmith@smithfawer.com
> gormsby@smithawer.com
> dleach@smithfawer.com
>
> ***Counsel for Defendant Prime Property & Casualty Insurance, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record by the Court's CM/ECF System on this 23rd day of February, 2016.

> */s/ J. Geoffrey Ormsby*

8