UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FOUAD CHERKAOUI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-03** |
| **J.A. BENOIT PINEL,** **ARTISAN FREIGHT, LLC,** **INLAND LEASE & RENTAL, LLC** **AND PRIME PROPERTY &** **CASUALTY INSURANCE, INC.** | **SECTION "S"(1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment filed by defendant, Prime Property & Casualty Insurance, Inc. (Doc. #41), is **GRANTED**, and the claim made against it by plaintiff, Fouad Cherkaoui, is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by defendant, Inland Lease & Rental, Inc. (Doc. #42), is **GRANTED**, and the claim made against it by plaintiff, Fouad Cherkaoui, is **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court on a motion for partial summary judgment filed by defendant, Prime Property & Casualty Insurance, Inc. This matter is also before the court on a motion for summary judgment filed by defendant, Inland Lease and Rental, Inc.[1]

Plaintiff, Fouad Cherkaoui, filed this action against defendants, J.A. Benoit Pinel, Artisan Freight, LLC, Inland, and Prime seeking damages for injuries that he allegedly sustained in an automobile accident that occurred on May 16, 2015, on Interstate 10 in Jefferson Parish, Louisiana. Cherkaoui alleges that Pinel, who was employed by Artisan and driving a 2015 Kenilworth T680

---

[1] Plaintiff improperly named this entitled as "Inland Lease & Rental, LLC."

truck, collided into the rear driver's side of Cherkaoui's vehicle, which caused Cherkaoui's vehicle to spin off of the roadway. Inland owned the 2015 Kenilworth T680, and leased it to PACCAR, which in turn leased it to Artisan, as a replacement vehicle for one that was earlier leased to Artisan by PACCAR Leasing Corp. Cherkaoui's claims include property damage, past and future lost wages, medical expense and loss of future earning capacity. Cherkaoui alleges diversity subject matter jurisdiction under 28 U.S.C. § 1332.

Prime issued an automobile insurance policy to Artisan. Cherkaoui alleged that the 2015 Kenilworth T680 was covered under that policy. Inland filed a cross claim against Artisan and Prime alleging that the lease agreement required Artisan to purchase insurance to cover the leased vehicle, which included Inland as an additional insured, and to indemnify Inland for any claims made against it arising out of Artisan's operation of the leased vehicle. Inland alleged that Prime and Artisan owe Inland defense and indemnity as to Cherkaoui's claims.

Prime filed a motion for partial summary judgment on Inland's cross claim arguing that it does not owe defense and indemnity to Inland because the 2015 Kenilworth T680 was not listed as a covered auto and is not an insured under the policy. The court granted Prime's motion and dismissed Inland's cross claim against Prime, finding that the 2015 Kenilworth T680 was not covered by the terms of the insurance policy. See Rec. Doc. #40.

Thereafter, Prime filed the instant motion for partial summary judgment seeking dismissal of Cherkaoui's claim against it under Louisiana's Direct Action Statute arguing that Cherkaoui cannot maintain that claim because this court has already found that the 2015 Kenilworth T680 was not covered by the insurance policy. Cherkaoui agrees that this court has found that the vehicle was not covered by the Prime policy, but argues that his claim against Prime should not be dismissed because Prime may by liable to him under the MCS-90 endorsement.

Inland argues that summary judgment should be granted on Cherkaoui's claim against it because it did not negligently entrust the vehicle to PACCAR. Cherkaoui argues that Inland is not entitled to summary judgment because there is a genuine issue of material fact regarding Inland's insurance coverage for the 2015 Kenilworth T680. Specifically, Cherkaoui seeks to discover whether Inland had an insurance policy that may have covered Artisan or included a MCS-90 endorsement.

## ANALYSIS

I.   **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a

scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**II.     Prime's Motion for Partial Summary Judgment**

Prime argues that it is entitled to summary judgment on Cherkaoui's claim against it under Louisiana's Direct Action Statute because this court has found that the insurance policy does not provide coverage for the 2015 Kenilworth T680 that Pinel was driving at the time of the accident.

Louisiana's Direct Action Statute, La. Rev. Stat. § 22:1259(B)(1), provides that an injured person has "a right of direct action against the insurer within the terms and limits of the policy. . . ." "[T]he Direct Action Statute does not alter the scope of claims covered by insurance polcies[,]" and does not "'extend any greater right to third-party tort victims who were damaged by the insured.'" First Am. Title Ins. Co. v. Cont'l Cas. Co., 709 F.3d 1170, 1173-74 (5th Cir. 2013) (quoting Anderson v. Ichinose, 760 So.2d 302, 307 (La. 1999)). In other words, the Direct Action Statute "does not extend the protection of the liability policy to risks that were not covered by the policy or were excluded thereby." Robicheaux v. Adly, 779 So.2d 1048, 1054 (La. Ct. App. 2001). "Instead, the statute provides a cause of action to injured third parties for claims that fall 'within the terms and limits' of an insurance policy." First Am. Title Ins. Co., 709 F.3d at 1174 (quoting La. Rev. Stat. § 22:1269(B)(1)).

This court has already found that the Prime policy did not provide coverage for the 2015 Kenilworth T680 involved in the accident. See Rec. Doc. #40. Thus, Cherkaoui does not have a claim against Prime under Louisiana's Direct Action Statute. However, Cherkaoui argues that

Prime is not entitled to summary judgment because Prime may be liable to him under the MCS-90 endorsement.

The MCS-90 endorsement must be attached to a liability insurance policy issued to a for-hire motor carrier operating motor vehicles transporting property in interstate commerce in order to "assure compliance" with federal minimum levels of financial responsibility for motor carriers. Canal Ins. Co. v. Coleman, 625 F.3d 244, 247 (5th Cir. 2010) (citing 49 C.F.R. §§ 387.3, 387.7, 387.15). "The endorsement creates a suretyship, which obligates an insurer to pay certain judgments against the insured arising from interstate commerce activities, even though the insurance contract would have otherwise excluded coverage." Id. (citing Minter v. Great Am. Ins. Co. of N.Y., 423 F.3d 460, 470 (5th Cir. 2005)). The endorsement provides in pertinent part:

> In consideration of the premium stated in the policy to which this endorsement is attached, [Prime] agrees to pay, within the limits of liability described herein, **any final judgment recovered against [Artisan]** for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. . . It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve [Prime] from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy or [Artisan]. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between [Artisan] and [Prime]. [Artisan] agrees to reimburse [Prime] for any payment made by [Prime] on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that [Prime] would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.
>
> It is further understood and agreed that, **upon failure of [Prime] to pay any final judgment** recovered against [Artisan] as provided

> herein, **the judgment creditor may maintain an action in any court of competent jurisdiction against [Prime] to compel such payment.**

See 49 C.F.R. § 387.15 (emphasis added).

The MCS-90 endorsement clearly states that an injured party has an action against the insurer if it does not pay a final judgment recovered against the insured. Here, Cherkaoui has not obtained a final judgment against Artisan, nor has Prime failed to pay a final judgment rendered against Artisan. Therefore, Cherkaoui does not have an action against Prime under the MCS-90 at this time. Prime's motion for summary judgment regarding Cherkaoui's claim against it under Louisiana's Direct Action Statute is GRANTED. However, Cherkaoui retains the right to pursue an action against Prime under the MCS-90 should he obtain a judgment against Artisan that Prime fails to pay.

### III. Inland's Motion for Summary Judgment

Inland argues that it is entitled to summary judgment on Cherkaoui's claim against it because it did not negligently entrust the vehicle to PACCAR.

Under Louisiana law, "the lessor of a vehicle is not liable for the negligent acts committed by the lessee." Frances v. Crawford, 732 So.2d 152, 155 (La. Ct. App. 1999) (citing Payne v. Blankenship, 558 So.2d 1315, 1317 (La. Ct. App. 1990)). However, a lessor may be held liable if it negligently entrusts its vehicle to the lessee. Id. (citing Payne, 558 So.2d at 1317). Thus, under the negligent entrustment theory, the lessor of a vehicle is not liable for the lessee's negligence unless the plaintiff can establish that the lessor had actual or constructive knowledge that the lessee was incompetent to operate the vehicle or had a disability that was apparent at the time of the lease. Id. (citing Payne, 558 So.2d at 1317).

Inland leased the vehicle to PACCAR in the regular course of business, and PACCAR leased it to Artisan. There is no evidence that Inland had actual or constructive knowledge that PACCAR was incompetent to lease the vehicle. Moreover, there is no evidence that Inland had any actual or constructive knowledge that Artisan or its driver was incompetent. Therefore, Inland did not negligently entrust the vehicle to PACCAR.

Cherkaoui does not argue that Inland negligently entrusted the vehicle to PACCAR. Instead, he argues that Inland may have had insurance coverage that would cover Artisan or include a MCS-90 endorsement. If such insurance exists, Cherkaoui's potential claim would be against that insurance company, not Inland. Thus, Inland's motion for summary judgment is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment filed by defendant, Prime Property & Casualty Insurance, Inc. (Doc. #41), is **GRANTED**, and the claim made against it by plaintiff, Fouad Cherkaoui, is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by defendant, Inland Leas & Rental, Inc. (Doc. #42), is **GRANTED**, and the claim made against it by plaintiff, Fouad Cherkaoui, is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this   11th   day of January, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**